UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GERALD PURPURA and SHERYL
HEARBURG-PURPURA, on behalf of
the Estate of the late Christa Hearburg**

    **Plaintiffs,**

v.                                                                                                  Case No: 5:13-cv-331-Oc-22PRL

**MONROE REGIONAL MEDICAL
CENTER, et al.,**

    **Defendants.**

### ORDER

Pending before the Court is Plaintiffs' motion for entry of a clerk's default as to Defendants, Donald Crowe, M.D., Agency for Health Care Administration, and Division of Medical Quality Assurance. (Doc. 63). Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *Laing v. Cordi, III*, No. 2:11cv-566-FtM-29SPC, 2012 WL 4828312 at *1 (M.D. Fla. Oct. 10, 2012); *Manheim Automotive Fin., Servs., Inc. v. Information Matrix Tech., Inc.*, No. 2:12-cv-360-FtM-29-SPC, 2012 WL 3947207 at *1 (M.D. Fla. Sept. 10, 2012). Plaintiffs have filed returns of service as to each of these three defendants. (Docs. 54, 56, 57). However, as discussed below, Plaintiffs have failed to establish that these defendants were properly served, and thus, the motion for entry of default is due to be denied.

Turning first to Dr. Crowe, the return of service fails to show who the United States Marshal served. (Doc. 54). Accordingly, the Court cannot evaluate whether service upon Dr. Crowe was proper.

With respect to the Agency for Health Care Administration, the docket shows that the United States Marshal personally served an individual named "Quintatatakeh," who is listed on the return of service as a record specialist. (Doc. 56). Pursuant to Fed. R. Civ. P. 4(j), when serving a state, municipal corporation, or any other state-created governmental organization that is subject to suit, the defendant must be served through one of the following methods: (1) delivering a copy of the summons and complaint to its chief executive officer; or (2) serving a copy of the summons and complaint in the manner prescribed by state law for service on such defendant. Florida law provides that process against any public agency, board, commission, or department not a body corporate or having a governing board or commission shall be served on the public officer being sued or the chief executive officer of the agency, board, commission, or department. Fla. Stat. §48.111(2). This statutory method of service is exclusive and must be strictly followed. *Kelly v. Florida*, 233 F.R.D. 632, 634 (S.D. Fla. 2005). Accordingly, service upon "Quintatatakeh" was insufficient because this individual is neither a party to this case nor an executive officer of the Agency for Health Care Administration.

Likewise, Plaintiff's purported service on the Division of Medical Quality Assurance is insufficient. The docket shows that the United States Marshal personally served Angel Sanders, who is listed on the return as a "RS2." (Doc. 57). Angel Sanders is not a party to this case nor an executive officer of the Division of Medical Quality Assurance, and thus, service was not proper.

- 3 -

Because Plaintiff has failed to establish that service of process has been effected on these three Defendants, the Motion for Clerk's Default (Doc. 54) is due to be **DENIED**.

Within **fourteen (14) days** of this Order, Plaintiffs shall submit to the Clerk properly completed summonses for these three Defendants and three copies of the Amended Complaint. The Clerk is directed to provide the papers to the United States Marshal, who will serve them upon the Defendants without cost to Plaintiff.

**DONE** and **ORDERED** in Ocala, Florida on July 16, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties