**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**GERALD PURPURA and SHERYL**
**HEARBURG-PURPURA, on behalf of**
**the Estate of the late Christa Hearburg**

    **Plaintiffs,**

v.                                                                                         **Case No: 5:13-cv-331-Oc-22PRL**

**MONROE REGIONAL MEDICAL**
**CENTER, et. al.,**

    **Defendants.**

**ORDER**

This matter is before the court on Plaintiff's Request for Entry of Default. (Doc. 65). Plaintiff filed the instant Motion on July 29, 2014 because Defendant Donald Crowe, M.D. had not yet filed a responsive pleading to the Complaint.

Rule 55(a) of the Federal Rules of Civil Procedure provides for the entry of a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The entry of default is within the discretion of the Court. *City of Jacksonville v. Arrigato, Inc*., No. 3:10-cv-211-J-32MCR, 2010 WL 3069135, at *1 (M.D. Fla. Aug. 4, 2010). "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." *Marschauser v. Travelers Indem. Co.,* 145 F.R.D. 605, 610 (S.D. Fla. 1992). Here, a review of the docket shows that Defendant Crowe subsequently filed a motion to dismiss on August 6, 2014. (Doc. 70). Although this motion was untimely, Defendant Crowe is defending this action, and thus, Plaintiff's Request for Entry of Default (Doc. 65) is due to be **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on August 15, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties